UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ATLAS GARDEN SUPPLY, LLC,              )
                                       )
           Plaintiff,                  )        Civil Action No. 05-11122-JLT
                                       )
    v.                                 )
                                       )
INTRUDER, INC., AMES TRUE              )
TEMPER COMPANY AND HARRY               )
S. BILLADO,                            )
                                       )
           Defendant.                  )

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF AMES TRUE TEMPER, INC.

Ames True Temper, Inc. ("ATTI") by its undersigned counsel hereby files its Answer to the Complaint filed on behalf of Atlas Garden Supply, LLC ("Atlas" or "Plaintiff"), asserts Affirmative Defenses and sets forth its Counterclaim as follows:

## ANSWER

### Introduction

1.      ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2.      To the extent the allegations of Paragraph 2 are addressed to ATTI, they are denied.

3.      Paragraph 3 purports to describe claims being asserted in this Action and no response thereto is required. To the extent a response may be required, the allegations of Paragraph 3 are denied.

{K0317672.2}

**Parties**

4.    ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5.    ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6.    ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7.    The allegations of fact contained in Paragraph 7 are admitted.

**Factual Background**

8.    Paragraph 8 purports to describe a written document, the terms of which speak for themselves.  Further answering, ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.    Paragraph 9 purports to describe a written document, the terms of which speak for themselves.

10.    Paragraph 10 purports to describe a written document, the terms of which speak for themselves.

11.    Paragraph 11 purports to describe a written document, the terms of which speak for themselves.

12.    Paragraph 12 purports to describe a written document, the terms of which speak for themselves.

13.    ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14.    ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15.    Paragraph 15 purports to describe a written document, the terms of which speak for themselves.

16.    Paragraph 16 purports to describe a written document, the terms of which speak for themselves.

17.    Paragraph 17 purports to describe a written document, the terms of which speak for themselves.

18.    Paragraph 18 purports to describe a written document, the terms of which speak for themselves.

19.    Paragraph 19 purports to describe a written document, the terms of which speak for themselves.

20.    Paragraph 20 purports to describe a written document, the terms of which speak for themselves.

21.    ATTI admits that the document attached to the Complaint as Tab C is a true and accurate copy of an agreement between Atlas and ATTI.    The remaining allegations of Paragraph 21 purport to describe a written document, the terms of which speak for themselves.

22.    Paragraph 22 purports to describe a written document, the terms of which speak for themselves.

23.    The first sentence of Paragraph 23 purports to describe a written document, the terms of which speak for themselves.    Further answering, the

second sentence of Paragraph 23 sets forth a conclusion of law to which no response is required.

24.     ATTI admits manufacturing and selling rakes pursuant to the agreement attached to the Complaint as Tab C. The remaining allegations of Paragraph 24 constitute conclusions of law to which no response is required. To the extent a response may be required, the remaining allegations are denied.

25.     ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26.     ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27.     ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28.     ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28. ATTI admits that the second page of the document attached to the Complaint as Tab E is a label for a "No Clog Leaf Rake."

29.     ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30.     ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31.     ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32.    ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33.    ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.  ATTI admits that the "Award of Arbitrator" attached to the Complaint as Tab F states that "The patent license agreement between the parties is hereby terminated as requested by the Claimant, Harry Billado."  The Award of Arbitrator extinguished all rights of Atlas under the License Agreement between Billado and Atlas.

34.    ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35.    ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36.    ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37.    The allegations contained in the first sentence of Paragraph 37 are denied as conclusions of law to which no response is required.  To the extent a response may be required, ATTI denies that Atlas has any rights in trademarks, tradenames and/or improvements with respect to any rakes which have been or which continue to be sold by ATTI.  ATTI further denies it is required to obtain "authority" from Atlas to market any goods, including rakes.

38.    The allegations of Paragraph 38 are denied, except that ATTI admits that ATTI and Billado have entered into agreements pertaining to the sale of rakes.  ATTI denies that any consent of Atlas is required to sell any product sold

by ATTI and further denies Atlas has any rights to so-called "improvements" to said rakes.

39.    The allegations of Paragraph 39 are conclusions of law to which no response is required.  To the extent a response may be required, the allegations of Paragraph 39 are denied.

## ANSWER TO COUNT I

### BREACH OF CONTRACT
### ATLAS V. INTRUDER

40.    ATTI repeats and reavers its answers to Paragraphs 1 through 39.

41.-47.    The allegations of Paragraphs 41 through 47 inclusive are directed to parties other than ATTI.  ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 41 through 47, inclusive.

## ANSWER TO COUNT II

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### ATLAS V. INTRUDER

48.    ATTI repeats and reavers its answers to Paragraphs 1 through 47.

49.-51.    The allegations of Paragraphs 49 through 51 inclusive are directed to parties other than ATTI.  ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 49 through 51, inclusive.

## ANSWER TO COUNT III

### INDEMNIFICATION
### ATLAS V. INTRUDER

52.    ATTI repeats and reavers its answers to Paragraphs 1 through 51.

53.-56.    The allegations of Paragraphs 53 through 56 inclusive are directed to parties other than ATTI.  ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 53 through 56, inclusive.

## ANSWER TO COUNT IV

### BREACH OF CONTRACT
### ATLAS V. BILLADO

57.    ATTI repeats and reavers its answers to Paragraphs 1 through 56.

58.-61.    The allegations of Paragraphs 58 through 61 inclusive are directed to parties other than ATTI.  ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 58 through 61, inclusive.

## ANSWER TO COUNT V

### TRADEMARK INFRINGEMENT
### ATLAS V. ALL DEFENDANTS

62.    ATTI repeats and reavers its answers to Paragraphs 1 through 61.

63.    The allegations of Paragraph 63 constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations of Paragraph 63 are denied.  Atlas has no ownership rights in any trademark pertaining to any product sold by ATTI.

{K0317672.2}

64.     The allegations of Paragraph 64 constitute conclusions of law to which no response is required.   To the extent a response may be required, the allegations of Paragraph 64 are denied.

65.     The allegations of Paragraph 65 constitute conclusions of law to which no response is required.   To the extent a response may be required, the allegations of Paragraph 65 are denied.

**ANSWER TO COUNT VI**
**DISGORGEMENT AND/OR RESTITUTION FOR UNJUST ENRICHMENT**
**ATLAS V. ALL DEFENDANTS**

66.     ATTI repeats and reavers its answers to Paragraphs 1 through 65.

67.     The allegations of Paragraph 67 constitute conclusions of law to which no response is required.   To the extent a response may be required, the allegations of Paragraph 67 are denied.

68.     The allegations of Paragraph 68 constitute conclusions of law to which no response is required.   To the extent a response may be required, the allegations of Paragraph 68 are denied.

69.     The allegations of Paragraph 69 are denied.

70.     The allegations of Paragraph 70 constitute conclusions of law to which no response is required.   To the extent a response may be required, the allegations of Paragraph 70 are denied.

71.     The allegations of Paragraph 71 constitute conclusions of law to which no response is required.   To the extent a response may be required, the allegations of Paragraph 71 are denied.

## ANSWER TO COUNT VII

### ATLAS V. BILLADO
### M.G.L. c. 93 A

72.    ATTI repeats and reavers its answers to Paragraphs 1 through 71.

73.-76.    The allegations of Paragraphs 73 through 76 inclusive are directed to parties other than ATTI.    The allegations of Paragraphs 73 through 76 constitute conclusions of law to which no response is required.    ATTI is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 73 through 76.

WHEREFORE, ATTI demands that this Court enter judgment in its favor and against Atlas dismissing all claims against ATTI together with all costs to the extent allowed by law and such other and further relief as the Court may deem just and proper.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

77.    Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

78.    Plaintiff's Complaint is barred in whole or in part by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

79.    Plaintiff's Complaint is barred in whole or in part by the doctrines of waiver, estoppel and/or ratification.

## FOURTH AFFIRMATIVE DEFENSE

80.    Plaintiff's Complaint is barred in whole or in part by the doctrines of unclean hands and inequitable conduct.

## FIFTH AFFIRMATIVE DEFENSE

81.    Plaintiff's Complaint is barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

82.    ATTI owes no duty to Plaintiff and breached no duty in any fashion whatsoever and fully performed all duties in good faith in accordance with applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

83.    Plaintiff's claims are barred in whole or in part because no action or conduct of ATTI was the proximate cause of any loss or damages to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

84.    Plaintiff's claims are barred in whole or in part because any loss or damages to Plaintiff was the result of actions or conduct of persons and/or entities other than ATTI which actions and conduct of others constitute intervening and superseding causes of Plaintiff's damages, if any.

## NINTH AFFIRMATIVE DEFENSE

85.    Plaintiff's claims are barred in whole or in part by virtue of arbitration and award.

## TENTH AFFIRMATIVE DEFENSE

86.    Plaintiff's claims are barred in whole or in part because of an accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

87.    Plaintiff's claims are barred in whole or in part for failure of consideration.

## TWELFTH AFFIRMATIVE DEFENSE

88.    Plaintiff's claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

89.    Plaintiff's claims are barred in whole in or in part by virtue of the statute of frauds.

## FOURTEENTH AFFIRMATIVE DEFENSE

90.    Plaintiff lacks standing to assert any claim against ATTI.

## FIFTEENTH AFFIRMATIVE DEFENSE

91.    Plaintiff's claims are barred in whole or in part because the Award of Arbitrator extinguished any rights Plaintiff may have had in the trademarks and intellectual property at issue in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

92.    ATTI respectfully requests leave to assert additional affirmative defenses which it deems necessary to its defense during or upon conclusion of its investigation and discovery in this action.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

ATTI, by its undersigned counsel, hereby files the following Counterclaim for Declaratory Relief against Atlas as follows:

## The Parties

93.    ATTI is a Delaware corporation with its principal place of business at 465 Railroad Avenue, Camp Hill, Pennsylvania.

94.    Atlas is, upon information and belief, a Massachusetts limited liability company with its principal place of business at 87 Terrace Hall Avenue, Burlington, Massachusetts.

## Jurisdiction and Venue

95.    This Court has personal jurisdiction over Atlas because it regularly transacts business in this district and by commencing this action has submitted itself to the jurisdiction of this Court.

96.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because ATTI and Atlas are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs and pursuant to 28 U.S.C. § 1367 because the Counterclaim asserted herein is so related to claims asserted in the action within the original jurisdiction of this Court that they form a part of the same case or controversy.

## **Operative Facts**

97.    Upon information and belief, on or about November 27, 1999, Atlas entered into a License Agreement with Defendant, Harry S. Billado ("Billado") a copy of which (the "Atlas-Billado License Agreement") is attached to the Complaint at Tab A.

98.    ATTI is not a party to the Atlas-Billado License Agreement and at no time was bound by any terms thereof.

99.    Upon information and belief, on or about March 1, 2001, Atlas and Defendant, Intruder, Inc. ("Intruder") entered into a Services License Agreement (the "Atlas-Intruder License Agreement"), a copy of which is attached to the Complaint at Tab B.

100.    ATTI is not a party to the Atlas-Intruder License Agreement and at no time was bound by any terms thereof.

101.    On or about February 7, 2002, Intruder entered into a "Clog-Free Rake Agreement" with ATTI, a copy of which is attached to the Complaint at Tab C.

102.    The Clog-Free Rake Agreement between Intruder and ATTI makes no reference to and does not incorporate any of the terms of either the Billado-Atlas License Agreement or the Atlas-Intruder License Agreement.

103.    The Clog-Free Rake Agreement between Intruder and ATTI expressly grants ATTI "the right to change colors, tradename and other merchandising relating characteristics of the product sold under the Ames True Temper brand."

104.    The Clog-Free Rake Agreement between Intruder and ATTI imposes no duties upon ATTI with respect to either Atlas or Billado.

105.    On or about August 21, 2003, an American Arbitration Association Commercial Arbitration Tribunal, in the matter of the Arbitration between Harry S. Billado, Jr. (Claimant) and Atlas Garden Supply, LLC (Respondent), Case No. 11 E 133 02872 02, entered an Award of Arbitrator finding: "[T]he Patent License Agreement between the parties is hereby terminated as requested by the Claimant, Harry Billado." A copy of the aforementioned Award of Arbitrator is attached to the Complaint at Tab F.

106.    Thereafter, Billado and Intruder advised ATTI that all rights to the Clog-Free Rake reverted to Billado as a consequence of the Award of Arbitrator.

107.    Billado advised ATTI that in order for ATTI to continue the manufacture and sale of the Clog-Free Rake, ATTI would be required to enter into a license agreement directly with Billado.

108.    Neither Billado nor Intruder disclosed to ATTI that Atlas continued to assert against Billado and Intruder claims to the "Clog-Free" trademark and other intellectual property rights associated with the Clog-Free Rake. Nor did Atlas notify ATTI of such claims prior to the initiation of this litigation.

109.    Notwithstanding the foregoing, Count V of the Complaint filed by Atlas in this action purports to assert a claim of trademark infringement against ATTI for allegedly manufacturing and distributing the rake using Atlas' trademarks (presumably "Clog-Free Rake") subsequent to the termination of the Billado-Atlas License Agreement.

110.    In addition, the Complaint filed in this action by Atlas also purports to assert a claim for disgorgement and/or restitution for unjust enrichment against

ATTI for allegedly wrongfully and inequitably using Atlas' alleged trademark and intellectual property.

111.    Based upon the foregoing, an actual and justiciable controversy exists between Atlas and ATTI, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

112.    Based upon the foregoing, ATTI seeks a declaration by this Court as follows:

> a. That the Award of Arbitrator dated August 21, 2003 extinguished all rights of Atlas to any trademark, tradename, improvements and/or other intellectual property related to the Clog-Free Rake and/or the name "Clog-Free."
>
> b. Declaring that the name "Clog-Free Rake" is a descriptive term having only a primary language significance and which has acquired no distinctiveness through secondary meaning such that it is not protectable by either State or Federal Trademark Law.
>
> c. Declaring that ATTI has not improperly used any trademark or other intellectual property of Atlas.
>
> d. Declaring that ATTI is not liable to Atlas for any damages.
>
> e. Declaring such other and further relief as the Court deems just and appropriate.

WHEREFORE, ATTI demands a declaratory judgment in its favor and against Atlas as follows:

a. That the Award of Arbitrator dated August 21, 2003 extinguished all rights of Atlas to any trademark, tradename, improvements and/or other intellectual property related to the Clog-Free Rake and/or the name "Clog-Free."

b. Declaring that the name "Clog-Free Rake" is a descriptive term having only a primary language significance and which has acquired no distinctiveness through secondary meaning such that it is not protectable by either State or Federal Trademark Law.

c. Declaring that ATTI has not improperly used any trademark or other intellectual property of Atlas.

d. Declaring that ATTI is not liable to Atlas for any damages.

e. Declaring such other and further relief as the Court deems just and appropriate.

AMES TRUE TEMPER, INC.

By its attorneys,

_____/s/ Mark A. Willard_____
Mark A Willard (PA I.D. No. 18103)
(Admitted *Pro Hac Vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
USX Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219-2788
412.566.6000
Facsimile: 412.566.6099

{K0317672.2}

_____ /s/ Anthony M. Moccia _____

Anthony M. Moccia (BBO #350225)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Floor
Boston, MA  02110
617.342.6800
Facsimile: 617.342.6899

## CERTIFICATE OF SERVICE

I hereby certify on this 17th day of January, 2006, a copy of the foregoing was served upon all counsel of record by mailing a true and correct copy thereof by first class, postage prepaid to the following:

David A. Brown, Esq.
Katy E. Koski, Esq.
Sherin and Lodgen, LLP
101 Federal Street
Boston, MA 02110

Edward W. Little, Jr., Esq.
Daniel J. Kelly, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

Steve E. Grill, Esq.
Danielle L. Pacik, Esq.
Devine, Millimet & Branch
111 Amherst Street
P.O. Box 109
Manchester, NH 03105

/s/ Anthony M. Moccia
Anthony M. Moccia

{K0317672.2}