UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ATLAS GARDEN SUPPY LLC,<br><br>        Plaintiff,<br><br>v.<br><br>INTRUDER, INC., AMES TRUE TEMPER COMPANY, AND HARRY S. BILLADO,<br><br>        Defendants. | C. A. No. 05-11122 JLT |

**ANSWER OF DEFENDANT INTRUDER, INC. TO COMPLAINT AND JURY DEMAND**

Defendant Intruder, Inc. ("Intruder") hereby answers the Complaint and Jury Demand dated April 28, 2005 ("Complaint"), as follows:

**Introduction**

1.   Intruder admits that this action involves claims related to a lawn rake, referred to at times as a "clog free" rake; further admits that defendant Harry S. Billado ("Billado") is an inventor of the rake; and further admits that plaintiff Atlas Garden Supply, LLC ("Atlas") purportedly entered into a written agreement concerning the rake, the terms of which agreement speak for themselves.  Intruder is without further knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 1 of the Complaint, and therefore denies same.

2.   Intruder denies the allegations made in paragraph 2 of the Complaint.

3.   Intruder admits that Atlas is attempting to seek damages from all defendants under various legal theories.  Intruder denies the remaining allegations made in paragraph 3 of the Complaint.

## Parties

4. Intruder is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 4 of the Complaint, and therefore denies same.

5. Intruder is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 5 of the Complaint, and therefore denies same.

6. Intruder admits the allegations made in paragraph 6 of the Complaint.

7. Intruder is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 7 of the Complaint, and therefore denies same.

## Factual Background

**A.   The Atlas License[1]**

8. Intruder admits that a rake referred to as the "waverake" has also been referred to as being a clog-free rake. Intruder further admits that, on information and belief, Atlas and Billado purportedly entered into a written agreement concerning the rake, the terms of that agreement speaking for themselves. Intruder denies the remaining allegations made in paragraph 8 of the Complaint.

9. Intruder admits that Billado granted certain rights to Atlas, the terms of which are set forth in whole or in part in a written agreement which speaks for itself. Intruder denies the remaining allegations made in paragraph 9 of the Complaint.

10. Intruder admits that the language quoted in paragraph 10 of the Complaint comports with language in the cited provisions of the so-called Atlas License. That language, however, is part of a written document, the terms of which speak for themselves. Intruder denies

---

[1] The headings herein are used to mirror those in the Complaint, and are repeated solely for convenience. To the extent any or all headings are deemed to constitute allegations against Intruder, Intruder hereby denies all such allegations.

all remaining allegations made in paragraph 10 of the Complaint.

11. On information and belief, Intruder admits that Atlas had certain sublicensing rights from Billado. Intruder denies the remaining allegations made in paragraph 11 of the Complaint.

12. Intruder admits that the language quoted in paragraph 12 of the Complaint comports with language in the cited provision of the so-called Atlas License. That language, however, is part of a written document, the terms of which speak for themselves. Intruder denies all remaining allegations made in paragraph 12 of the Complaint.

13. Intruder is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 13 of the Complaint, and therefore denies same.

**B.    The Intruder Sublicense**

14. Intruder admits that on or about March 1, 2001, Atlas granted Intruder exclusive rights concerning the rake, as well as other rights set forth in a written agreement between Atlas and Intruder. The terms of that agreement speak for themselves. Intruder denies the remaining allegations made in paragraph 14 of the Complaint.

15. Intruder admits that the language quoted in paragraph 15 of the Complaint comports with language in the cited provision of the so-called Intruder Sublicense. That language, however, is part of a written document, the terms of which speak for themselves. Intruder denies all remaining allegations made in paragraph 15 of the Complaint.

16. Intruder admits that the language quoted in paragraph 16 of the Complaint comports with language in the cited provision of the so-called Intruder Sublicense. That language, however, is part of a written document, the terms of which speak for themselves. Intruder denies all remaining allegations made in paragraph 16 of the Complaint.

17. Intruder admits that the language quoted in paragraph 17 of the Complaint

comports with language in the cited provision of the so-called Intruder Sublicense. That language, however, is part of a written document, the terms of which speak for themselves. Intruder denies all remaining allegations made in paragraph 17 of the Complaint.

18.   Intruder admits that it was allowed to sublicense certain rights under its arrangement with Atlas. Further, the rights of Intruder are set forth in whole or in part in a written document, the terms of which speak for themselves. Intruder denies all remaining allegations made in paragraph 18 of the Complaint.

19.   Intruder admits that the language quoted in paragraph 19 of the Complaint comports with language in the cited provision of the so-called Intruder Sublicense. That language, however, is part of a written document, the terms of which speak for themselves. Intruder denies all remaining allegations made in paragraph 19 of the Complaint.

20.   Intruder admits that the language quoted in paragraph 20 of the Complaint comports with language in the cited provision of the so-called Intruder Sublicense. That language, however, is part of a written document, the terms of which speak for themselves. Intruder denies all remaining allegations made in paragraph 20 of the Complaint.

**C.   The Ames Sublicense**

21.   Intruder admits that it entered into an agreement with defendant Ames True Temper Company ("Ames") in 2002 concerning the rake, as well as subsequent agreements. Intruder did so with Atlas's knowledge and consent. Intruder denies the remaining allegations made in paragraph 21 of the Complaint.

22.   Intruder admits that it granted certain rights in the rake to Ames, including the right to produce and sell the product in certain geographic regions. Intruder denies the remaining allegations made in paragraph 22 of the Complaint.

23.   Intruder admits that the language quoted in paragraph 23 of the Complaint

comports with language in the cited provision of the so-called Ames Sublicense. That language, however, is part of a written document, the terms of which speak for themselves. Intruder denies all remaining allegations made in paragraph 23 of the Complaint.

24. Intruder admits that Ames sold the rake to Wal-Mart Stores, Inc. ("Wal-Mart") and, on information and belief, may have referred to the rakes as being "clog-free." Intruder denies the remaining allegations made in paragraph 24 of the Complaint.

25. Intruder is without knowledge or information sufficient to form a belief as to what Atlas knew or did not know as to the labeling of the rake at various times, and therefore denies allegations regarding same. Intruder denies the remaining allegations made in paragraph 25 of the Complaint.

26. Intruder admits that it was contacted by Atlas concerning certain labeling issues raised by Atlas. Intruder denies the remaining allegations made in paragraph 26 of the Complaint.

27. Intruder admits that Atlas made certain demands on Intruder, but denies all remaining allegations made in paragraph 27 of the Complaint.

28. Intruder admits sending the email referenced in paragraph 28 of the Complaint, and admits informing Atlas that certain labels would be affixed to rakes. Intruder denies the remaining allegations made in paragraph 28 of the Complaint.

29. Intruder admits that Ames was labeling and shipping rakes to Wal-Mart. Intruder is without knowledge or information sufficient to form a belief as to what Atlas may or may not have told Billado concerning these rakes. Intruder denies the remaining allegations made in paragraph 29 of the Complaint.

D.   **Termination of the Atlas License**

30. On information and belief, Intruder admits that Billado at one time claimed

termination of its arrangement with Atlas based in whole or in part on a labeling issue. Intruder denies the remaining allegations made in paragraph 30 of the Complaint.

33. Intruder admits that, on information and belief, Atlas denied the validity of Billado's claim for termination, as well as the fact that the dispute was eventually referred to arbitration. Intruder denies the remaining allegations made in paragraph 31 of the Complaint.

32. Intruder admits that Billado and Atlas ultimately arbitrated their dispute, and it denies the remaining allegations made in paragraph 32 of the Complaint.

33. Intruder admits that an arbitrator determined that Atlas had breached its arrangement with Billado, and the arbitrator's determination is set forth in whole or in part in a written document the terms of which speak for itself. Intruder was not a party to that arbitration proceeding. Intruder denies the remaining allegations made in paragraph 33 of the Complaint.

34. Intruder admits that it received the letter dated October 6, 2003, from counsel for Atlas and that the letter purported to make demands on Intruder. Intruder denies the remaining allegations made in paragraph 34 of the Complaint.

35. Intruder admits that the language quoted in paragraph 35 of the Complaint comports with language in the cited provision of the letter identified. That language, however, is part of a written document, the terms of which speak for themselves. Intruder denies all remaining allegations made in paragraph 35 of the Complaint.

36. Intruder is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 36 of the Complaint, and therefore denies same.

37. Intruder denies the allegations made in the first sentence of paragraph 37 of the Complaint. Though Intruder admits that Ames continues to sell the rake to certain retail stores, Intruder is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations made in the second sentence of paragraph 37 of the Complaint, and therefore denies same.

38. Intruder is without knowledge or information sufficient to form a belief as to any arrangement between Billado and Ames concerning the rakes, though on information and belief Intruder admits that there appears to exists some arrangement between them. Intruder denies the remaining allegations made in paragraph 38 of the Complaint.

39. Intruder denies the allegations made in paragraph 39 of the Complaint.

## Count I
### (Breach of Contact v. Intruder)

40. Intruder repeats and realleges its preceding responses as if fully set forth herein.

41. Intruder is without knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 41 of the Complaint, and therefore denies same.

42. Intruder denies the allegations made in paragraph 42 of the Complaint.

43. Intruder denies the allegations made in paragraph 43 of the Complaint.

44. Intruder denies the allegations made in paragraph 44 of the Complaint.

45. Intruder denies the allegations made in paragraph 45 of the Complaint.

46. Intruder denies the allegations made in paragraph 46 of the Complaint.

47. Intruder denies the allegations made in paragraph 47 of the Complaint.

## Count II
### (Breach of Implied Covenant of Good Faith and Fair Dealing v. Intruder)

48. Intruder repeats and realleges its preceding responses as if fully set forth herein.

49. The allegations made in paragraph 49 of the Complaint state conclusions of law to which no response is necessary. To the extent the allegations are not construed as such, Intruder denies same and looks instead to obligations under Massachusetts law concerning any contractual arrangements between the parties.

50. Intruder denies the allegations made in paragraph 50 of the Complaint.

51. Intruder denies the allegations made in paragraph 51 of the Complaint.

## Count III
### (Indemnification v. Intruder)

52. Intruder repeats and realleges its preceding responses as if fully set forth herein.

53. The allegations made in paragraph 53 of the Complaint purport to construe rights between the parties, some or all of which are set forth in a written document the terms of which speak for itself. Intruder denies the allegations made in paragraph 53 of the Complaint.

54. Intruder denies the allegations made in paragraph 54 of the Complaint.

55. Intruder denies the allegations made in paragraph 55 of the Complaint.

56. Intruder denies the allegations made in paragraph 56 of the Complaint.

## Count IV
### (Breach of Contract v. Billado)

57. Intruder repeats and realleges its preceding responses as if fully set forth herein.

58. The allegations made in this paragraph do not pertain to Intruder, and therefore no response is necessary. To the extent any allegations herein are deemed to apply to Intruder, Intruder denies same.

59. The allegations made in this paragraph do not pertain to Intruder, and therefore no response is necessary. To the extent any allegations herein are deemed to apply to Intruder, Intruder denies same.

60. The allegations made in this paragraph do not pertain to Intruder, and therefore no response is necessary. To the extent any allegations herein are deemed to apply to Intruder, Intruder denies same.

61. The allegations made in this paragraph do not pertain to Intruder, and therefore no response is necessary. To the extent any allegations herein are deemed to apply to Intruder,

Intruder denies same.

## Count V
### (Trademark Infringement v. All Defendants)

62. Intruder repeats and realleges its preceding responses as if fully set forth herein.

63. Intruder denies the allegations made in paragraph 63 of the Complaint.

64. Intruder denies the allegations made in paragraph 64 of the Complaint.

65. Intruder denies the allegations made in paragraph 65 of the Complaint.

## Count VI
### (Disgorgement and/or Restitution for Unjust Enrichment v. All Defendants)

66. Intruder repeats and realleges its preceding responses as if fully set forth herein.

67. Intruder denies the allegations made in paragraph 67 of the Complaint.

68. Intruder denies the allegations made in paragraph 68 of the Complaint.

69. Intruder denies the allegations made in paragraph 69 of the Complaint.

70. Intruder denies the allegations made in paragraph 70 of the Complaint.

71. Intruder denies the allegations made in paragraph 71 of the Complaint.

## Count VII
### (M.G.L. c. 93A v. Billado)

72. Intruder repeats and realleges its preceding responses as if fully set forth herein.

73. The allegations made in this paragraph do not pertain to Intruder, and therefore no response is necessary. To the extent any allegations herein are deemed to apply to Intruder, Intruder denies same.

74. The allegations made in this paragraph do not pertain to Intruder, and therefore no response is necessary. To the extent any allegations herein are deemed to apply to Intruder, Intruder denies same.

75. The allegations made in this paragraph do not pertain to Intruder, and therefore no

response is necessary. To the extent any allegations herein are deemed to apply to Intruder, Intruder denies same.

76. The allegations made in this paragraph do not pertain to Intruder, and therefore no response is necessary. To the extent any allegations herein are deemed to apply to Intruder, Intruder denies same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, ratification, and/or unclean hands.

### Third Affirmative Defense

Plaintiff's claims for damages fails because plaintiff did not mitigate or minimize any damages that it allegedly incurred.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of laches and/or the applicable statutes of limitation.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part due to plaintiff's failure to register its alleged trademark rights, to the extent plaintiff in fact has or had any such rights at all.

### Sixth Affirmative Defense

To the extent plaintiff has or had any trademark rights, plaintiff's trademark and related claims are barred due to plaintiff's abandonment of said trademarks and associated rights.

### Seventh Affirmative Defense

Plaintiff's claimed mark is neither distinctive nor famous, nor has it acquired secondary meaning among the public or trade.

### Eighth Affirmative Defense

Plaintiff's claimed mark is in reality simply functional and/or a term which is merely descriptive of and used fairly and in good faith only to describe goods.

### Ninth Affirmative Defense

Any use of the plaintiff's mark (if any exists or existed) was done without knowledge of plaintiff's prior use thereof, and such use has been continuous.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part due to plaintiff's breaches of or failure to honor the alleged contracts at issue.

### Eleventh Affirmative Defense

Plaintiff's claims are barred because its damages, if any, were caused in whole or in part by others.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in party due to an arbitration and award.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred in whole or in party by the doctrines of res judicata and/or collateral estoppel.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part for failure of consideration.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because they lack standing.

**Sixteenth Affirmative Defense**

To the extent plaintiff's claims may be construed as sounding in whole or in part in tort, such claims should be reduced in whole or in part by contributory or comparative negligence, fault, responsibility or want of due care, which either bars recovery or requires proportionate reduction in any recoverable damages.

**Seventeenth Affirmative Defense**

Intruder reserves the right to supplement this answer and rely upon any other applicable affirmative or other defenses which may be discovered or revealed during the course of these proceedings.

**DEMAND FOR A TRIAL BY JURY**

Defendant Intruder, Inc., by and through its attorneys, hereby demands a trial by jury on all issues and claims so triable.

WHEREFORE, defendant Intruder, Inc. respectfully requests that this Court enter judgment in favor of Intruder on all claims against it, award Intruder its costs in defending this action, and provide Intruder such other and further relief as this Court deems proper.

Respectfully submitted,

INTRUDER, INC.,
By its attorneys,

/s/Edward W. Little, Jr.
Daniel J. Kelly, BBO # 553926
dkelly@ghlaw.com
Edward W. Little Jr., BBO # 628985
elittle@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
Dated: January 17, 2006          (617) 345-7000

## CERTIFICATE OF SERVICE

    I hereby certify that on this day a true copy of the foregoing *Answer of Defendant Intruder, Inc. to Complaint and Jury Demand* was served upon the attorneys of record for each party by first class mail, postage prepaid, and where possible by electronic means via the CM/ECF filing and notification system:

| | |
|---|---|
| David A. Brown, Esq. | Mark A. Willard, Esq. |
| Katy E. Koski, Esq. | Anthony M. Moccia, Esq. |
| Sherin and Lodgen LLP | Eckert Seamans Cherin & Melllot, LLC |
| 101 Federal Street | One International Place, 18th Floor |
| Boston, MA 02110 | Boston, MA 02110 |

Danielle L. Pacik, Esq.
Steve E. Grill, Esq.
Devine, Millimet & Branch
111 Amherst Street
P.O. Box 109
Manchester, NH 03105


                          By:    /s/Edward W. Little, Jr.

                          Date:  January 17, 2006