UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATLAS GARDEN SUPPLY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTRUDER, INC., AMES TRUE TEMPER COMPANY and HARRY S. BILLADO,<br><br>Defendants. | CIVIL ACTION NO. 05-CV-11122-JLT |

## PLAINTIFF'S ANSWER TO COUNTERCLAIM FOR DECLARATORY JUDGMENT

Plaintiff Atlas Garden Supply, LLC ("Atlas") answers the numbered paragraphs of the Counterclaim of Defendant Ames True Temper Company ("Ames") as follows:

### The Parties

93. Upon information and belief, Atlas admits the allegations contained in this paragraph.

94. Atlas admits the allegations contained in this paragraph.

### Jurisdiction and Venue

95. The allegations contained in this paragraph call for a legal conclusion for which no response is required. Answering further, Atlas admits that it is a Massachusetts limited liability company with a principal place of business in Massachusetts. Atlas denies that it commenced this action in this Court.

96. The allegations contained in this paragraph call for a legal conclusion for which no response is required.

### Operative Facts

97. Atlas admits the allegations contained in this paragraph.

00100946.DOC / 3

98. Atlas admits that Ames is not a party to the Atlas-Billado License Agreement. The remaining allegations contained in this paragraph call for a legal conclusion for which no response is required. To the extent such a response is required, Atlas denies all remaining allegations not specifically admitted herein.

99. Atlas admits the allegations contained in this paragraph.

100. Atlas admits that Ames is not a party to the Atlas-Intruder License Agreement. The remaining allegations contained in this paragraph call for a legal conclusion for which no response is required. To the extent such a response is required, Atlas denies all remaining allegations not specifically admitted herein.

101. Upon information and belief, Atlas admits the allegations contained in this paragraph.

102. The allegations contained in this paragraph refer to a document that speaks for itself and also call for a legal conclusion for which no response is required.

103. The allegations contained in this paragraph refer to a document that speaks for itself and also call for a legal conclusion for which no response is required.

104. The allegations contained in this paragraph refer to a document that speaks for itself and also call for a legal conclusion for which no response is required.

105. Atlas admits the allegations contained in this paragraph.

106. Atlas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Answering further, Atlas denies that "all rights to the Clog-Free Rake reverted to Billado as a consequence of the Award of Arbitrator."

107. Atlas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

00100946.DOC / 3

108.   Atlas admits the allegations contained in the second sentence of this paragraph. Atlas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

109.   Atlas states that the Complaint speaks for itself and admits that Count V of its Complaint asserts a claim for trademark infringement against all defendants.

110.   Atlas states that the Complaint speaks for itself and admits that Count VI of its Complaint asserts a claim for disgorgement and/or restitution for unjust enrichment against all defendants.

111.   The allegations contained in this paragraph call for a legal conclusion for which no response is required.

112.   The allegations contained in this paragraph constitute Ames' prayer for relief and therefore no response is required. To the extent a response is required, Atlas states as follows:

a.   Atlas expressly denies that the Award of Arbitrator dated August 21, 2003 extinguished all rights of Atlas to any trademark, tradename, improvements and/or other intellectual property related to the Clog Free Rake and/or the name "Clog-Free." Answering further, Atlas states that certain of Atlas' rights including, but not limited to, its rights to any trademark, tradename, improvements and/or other intellectual property related to the Clog Free Rake and/or the name "Clog-Free" survived the termination of the Atlas-Billado License Agreement.

b.   The allegations contained in this sub-paragraph call for a legal conclusion for which no response is required.

c.   The allegations contained in this paragraph call for a legal conclusion for which no response is required.

  d. Atlas expressly denies that Ames is not liable to Atlas for damages. Answering further, as a result of the improper actions of all defendants, Ames included, Atlas has sustained damages and continues to sustain damages, including but not limited to lost royalty payments, lost profits, lost use of its improvements, trademarks and trade names, and injury to Atlas' business goodwill and reputation.

  e. The allegations contained in this paragraph call for a legal conclusion for which no response is required.

### FIRST AFFIRMATIVE DEFENSE

Atlas reserves the right to add those affirmative defenses as become apparent during the course of discovery.

**WHEREFORE,** Atlas prays that the Court:

1. Enter judgment in favor of Atlas on all Counts contained in the Counterclaim; and
2. Award Atlas such other and further relief as the Court may deem just and proper.

            ATLAS GARDEN SUPPLY, LLC

            By its attorneys,

            /s/ Katy E. Koski
            David A. Brown, BBO# 556161
            Katy E. Koski, BBO# 650613
            Sherin and Lodgen LLP
            101 Federal Street
            Boston, Massachusetts 02110
            617.646.2000

Dated: February 6, 2006

## Certificate of Service

I hereby certify that a true copy of the above document was served via the Court's Electronic Case Filing management system upon counsel for all parties of record.

/s/ Katy E. Koski

February 6, 2006

00100946.DOC / 3