UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ATLAS GARDEN SUPPLY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-11122-JLT |
| | ) | |
| | ) | |
| | ) | |
| INTRUDER, INC., AMES TRUE | ) | |
| TEMPER COMPANY AND HARRY | ) | |
| S. BILLADO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT AMES TRUE TEMPER, INC'S INITIAL DISCLOSURE STATEMENT PURSUANT TO FED.R.CIV.P. 26(a)(1)**

Defendant, Ames True Temper, Inc. ("ATT") by and through its attorneys, Eckert Seamans Cherin & Mellott, LLC, hereby submits the following Initial Disclosure Statement pursuant to Fed.R.Civ.P. 26(a)(1).

**Introductory Statement**

ATT has performed a reasonable and diligent search and investigation of documents and/or records and information available to it to identify the preliminary information that it believes may arguable be relevant to the claims and defenses in this case. This disclosure is based on that search and investigation and on any other relevant information of which ATT may be aware. To the best of ATT's knowledge, information and belief, these disclosures are complete and correct as of the date they are made. However, ATT does not represent that it, at this time, is able to identify every document, witness or tangible thing possibly relevant. Nor does ATT waive its right to object to the production of any document or tangible thing on the basis of any privilege, the work product doctrine, relevancy, undue burden or any other valid ground. ATT reserves the right to revise, supplement and amend this Initial Disclosure Statement or any of the disclosures made herein based upon any information, evidence, documents,

facts or tangible things which hereafter may be discovered or the relevance of which may hereafter be discovered. ATT also reserves the right to produce, introduce, or rely upon additional or subsequently acquired or discovered documents, evidencing information at trial or in any pretrial proceedings held herein.

Notwithstanding the identification of certain individuals and documents, ATT does not waive and hereby expressly preserves all privileges and other legal protections, including but limited to, the attorney-client privilege, the attorney work product doctrine and any other applicable privilege or immunity. Further, any information or document provided by ATT in connection with these Initial Disclosures is produced and disclosed pursuant to that certain Agreement Governing The Production And Exchange Of Confidential Information entered into by the parties to this action on or about July 15, 2005, as may be supplemental from time to time by the parties, and subject to all objections as to relevance, materiality, competence and admissibility and to any other objections that would require the exclusion thereof if such information was offered into evidence, and ATT expressly reserves all such objections. Moreover, ATT is providing the information set forth in this Initial Disclosure Statement without prejudice to its right to introduce and/or produce facts, witnesses or documents omitted from this Disclosure due to oversight, inadvertence or good faith mistake.

A. F.R.C.P. 26(a)(1)(A)

The following individuals may have discoverable information that ATT may use to support its claims or defenses. ATT believes that each of the persons and entities identified herein below may have discoverable information regarding the discussions, negotiations and other communications between and among Intruder, Inc., Harry S. Billado, Atlas Garden Supply, LLC and ATT concerning the various agreements entered

into between and among them including the amendments thereof and the performance thereunder.

1. Brian T. Imel
   c/o Conn-Selmer, Inc.
   600 Industrial Parkway
   Elkhart, IN 46516

2. Harry S. Billado
   c/o Devine Millimet
   111 Amherst Street
   Manchester, NH 03105

3. David Nelson
   c/o Intruder, Inc.
   230 West Coleman Street
   Rice Lake, WI 54868

4. Tom Martin
   c/o Intruder, Inc.
   230 West Coleman Street
   Rice Lake, WI 54868

5. Darlene Mense
   c/o Intruder, Inc.
   230 West Coleman Street
   Rice Lake, WI 54868

6. Walter Brauer
   c/o Atlas Garden Supply, LLC
   87 Terrace Hall Avenue
   Burlington, MA 01810

7. Thomas Murphy
   c/o Atlas Garden Supply, LLC
   87 Terrace Hall Avenue
   Burlington, MA 01810

8. Peter Marshall
   c/o Atlas Garden Supply, LLC
   87 Terrace Hall Avenue
   Burlington, MA 01810

9. C. Forbes Sargent, III
   c/o Sherin and Lodgen, LLP
   100 Summer Street
   Boston, MA 02110

10. Donald J. Perreault
    c/o Grossman, Tucker, Perreault & Pfleger, PLLC
    55 South Commercial Street
    Manchester, NH 03101

11. Mary Allen Wilkes
    c/o American Arbitration Association

12. Rule 30(b)(6) Designated Representative(s) of Atlas Garden Supply, LLC
    87 Terrace Hall Avenue
    Burlington, MA 01810

13. Rule 30(b)(6) Designated Representative(s) of Intruder, Inc.
    230 West Coleman Street
    Rice Lake, WI 54868

ATT reserves the right to list other fact witnesses identified during discovery. As discovery and investigation proceeds, ATT may determine that additional persons have knowledge that would be useful to trier of fact.

### B. F.R.C.P. 26(a)(1)(B)

Based upon reasonably available information, ATT believes that the documents it is producing herewith may be relevant to some of the claims in this action.

### C. F.R.C.P. 26(a)(1)(C)

Atlas Garden Supply bears the burden of proving damages. ATT disputes any liability to Atlas or any other party in this action.

### D. F.R.C.P. 26(a)(1)(D)

ATT is directly responsible for satisfying any judgment which may be entered in this case following post-trial or appellate rulings, if any.

ATT has not completed its investigation of the facts of this case, has not completed its discovery in this case and has not completed its trial preparation. The information in this Disclosure Statement is based on knowledge or materials now available and specifically known to ATT. It is possible that more discovery, independent

investigation, legal research and case analyses will uncover more facts, add new meaning to the known facts, or establish entirely new factual conclusions and legal contentions, all of which may lead to changes in the information in this Disclosure Statement. As necessary, ATT will supplement this Disclosure Statement in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure. ATT is providing the information in this Disclosure Statement without prejudice to its right to produce facts, witnesses or documents omitted from this disclosure by oversight, inadvertence or good faith mistake.

Respectfully submitted,

_____
Anthony M. Moccia (BBO #350225)
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110
617.342.6800
Facsimile: 617.342.6899

Mark A. Willard, Esq.
Eckert Seamans Cherin & Mellott, LLC
U.S. Steel Building
44th Floor, 600 Grant Street
Pittsburgh, PA 15219
mwillard@eckertseamans.com
Tel.: (412) 4666171
Fax: (412) 566-6099

Attorneys for
Ames True Temper, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify on this 7th day of March, 2006, a copy of the foregoing was served upon all counsel of record by mailing a true and correct copy thereof by first class, postage prepaid to the following:

David A. Brown, Esq.
Katy E. Koski, Esq.
Sherin and Lodgen, LLP
101 Federal Street
Boston, MA 02110

Edward W. Little, Jr., Esq.
Daniel J. Kelly, Esq.
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110

Steve E. Grill, Esq.
Danielle L. Pacik, Esq.
Devine, Millimet & Branch
111 Amherst Street
P.O. Box 109
Manchester, NH 03105

_____
Mark A. Willard