UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATLAS GARDEN SUPPLY LLC,<br><br>    Plaintiff,<br><br>v.<br><br>INTRUDER, INC., AMES TRUE TEMPER COMPANY, AND HARRY S. BILLADO,<br><br>    Defendants. | NO. 05-11122 JLT |

AGREEMENT GOVERNING THE PRODUCTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION

Atlas Garden Supply LLC ("Atlas"), Intruder, Inc. ("Intruder"), Ames True Temper, Inc., ("Ames"), and Harry S. Billado ("Billado"), the parties to the above-captioned action (the "Action"), hereby agree to the following:

1.     <u>Scope.</u>

This Agreement applies to all documents and information produced or disclosed by any person or party in the Action. "Documents and information" shall include all documents, materials, things or information in any form whatsoever, whether on paper, videotape or audiotape, diskette, computer storage, tangible items, or otherwise, including without limitation all interrogatory answers, responses to requests for production of documents or requests for admissions, deposition testimony and transcripts, deposition exhibits and any other documents or information produced or designated pursuant to the terms hereof by any party.

2. Parties.

The provisions of this Agreement shall be binding on, and shall inure to the benefit of, the parties to the Action (hereinafter "parties"), and their counsel, successors and assigns.

3. Designation of Confidential Material

All documents and information produced by a party having the right to protect the confidential and/or proprietary nature of such documents or information may be marked "Confidential" by the producing party. Any party shall further have the right to designate as "Confidential" any of that party's own documents or information which may be produced by third-parties in this litigation.

4. Use of Produced Documents and Information

All documents and information marked "Confidential" produced or disclosed in the action, including without limitation in response to requests for the production of documents, interrogatories, requests for admission, deposition, questions, subpoena, any other discovery device ("Confidential Materials"), shall be used solely for the purpose of the litigation and any appellate proceeding arising therefrom, and shall not be used for other purpose, including, without limitation, any business or commercial purpose.

5. Disclosure of Confidential Materials

Confidential Materials may be summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

a) the parties to this Litigation;

b) inside or outside counsel of record in this Litigation, and regular and temporary employees of such counsel necessary to assist in the conduct of this Litigation for use in accordance with this Stipulation;

c) experts or consultants necessary to assist counsel for parties that have appeared in this Litigation;

d) witnesses or deponents not covered by or identified by any other subparagraph hereof, and their counsel, during the course of or, to the extent necessary, in preparation for, depositions or trial testimony in this Litigation;

e) such of the directors, officers, and employees of the parties and any such subsidiaries or affiliates thereof as are assisting the parties in this Litigation, or who appear as witnesses;

f) all necessary Court personnel; and

g) any other person only upon order of the Court or upon stipulation of the Producing Party.

No disclosure of documents or information marked as "Confidential" to any of the persons or entities set forth in this Section 5 shall cause those documents or that information to lose the protection provided under this Agreement.

6. Inadvertent Production/Failure to Mark

If a document or other information is advertently produced (or has already been produced) without any designation of confidentiality, a party nevertheless may assert confidentiality of the document or other information and the parties shall thereafter treat the documents or other information as Confidential Material. After such an assertion, each party shall affix the legend "Confidential" to each copy of the newly designated document or other information in its possession. If a document or other information which is subject to the attorney-client privilege or is protected by the attorney-work product doctrine is inadvertently produced, upon notice from the party which inadvertently produced the privileged or protected

document or information, the party to whom it was inadvertently produced must return, sequester or destroy the document or information. If the receiving party challenges the claim of privilege or work product protection, the receiving party must safeguard the document or information and promptly present it to the court under seal for determination of its privileged or protected nature. Under no circumstances will the production of documents or information for which the producing party has asserted attorney client privilege or work product protection constitute a waiver either general or specific of any such privilege. However, it is for the court to determine whether the document or information is privileged or protected.

7. Return of Documents or Information.

At the conclusion of this Action, all Confidential Materials covered by this Agreement, and all documents or portions thereof containing information derived from documents or information covered by this Agreement, shall be returned by the receiving party or person and/or their agents or representatives to the producing party or person, or shall be destroyed, and counsel of record shall certify in writing within thirty (30) days of the conclusion of the settlement discussions that such material has been returned or destroyed.

8. Binding Nature of Order.

The parties agree to be bound by the term of this Agreement. The Agreement shall be binding upon the parties and counsel and their officers, directors, and employees and any successors or assigns, whether or not the Court enters it as an Order of the Court.

| | |
|---|---|
| ATLAS GARDEN SUPPLY, LLC | INTRUDER, INC. |
| By its attorneys, | By its attorneys, |

*Katy P. Koski*

David A. Brown (BBO# 556161)
Katy P. Koski (BBO# 650613)
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
Tel. 617.646.2000
Fax 617.646.2222

Daniel J. Kelly, BBO # 553926
Edward W. Little Jr., BBO # 628985
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

David G. Anderson
Ruder Ware
402 Graham Avenue
PO Box 187
Eau Clair, WI 54702
715.834.3425

AMES TRUE TEMPER, INC.

By its attorneys,

HARRY S. BILLADO

By his attorneys,

Mark A. Willard
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
412.566.6171

Anthony M. Moccia
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110
(617) 342-6800

Dated: March 22, 2006

Danielle L. Pacik
Steven E. Grill
Devine, Millimet & Branch
111 Amherst Street
PO Box 109
Manchester, NH 03105
603.669.1000

**SO ORDERED:**

_____
**Tauro, J.**
**March __, 2006**

| ATLAS GARDEN SUPPLY, LLC | INTRUDER, INC. |
|---|---|
| By its attorneys, | By its attorneys, |

|  |  |
|---|---|
| David A. Brown (BBO# 556161) | *[signature: Edward W. Little, Jr.]* |
| Katy E. Koski (BBO# 650613) | Daniel J. Kelly, BBO # 553926 |
| Sherin and Lodgen LLP | Edward W. Little Jr., BBO # 628985 |
| 101 Federal Street | Gadsby Hannah LLP |
| Boston, Massachusetts 02110 | 225 Franklin Street |
| Tel. 617.646.2000 | Boston, MA 02110 |
| Fax 617.646.2222 | (617) 345-7000 |

David G. Anderson
Ruder Ware
402 Graham Avenue
PO Box 187
Eau Clair, WI 54702
715.834.3425

| AMES TRUE TEMPER, INC. | HARRY S. BILLADO |
|---|---|
| By its attorneys, | By his attorneys, |

|  |  |
|---|---|
| Mark A. Willard | Danielle L. Pacik |
| Eckert Seamans Cherin & Mellott, LLC | Steven E. Grill |
| 600 Grant Street, 44th Floor | Devine, Millimet & Branch |
| Pittsburgh, PA 15219 | 111 Amherst Street |
| 412.566.6171 | PO Box 109 |
|  | Manchester, NH 03105 |
| Anthony M. Moccia | 603.669.1000 |
| Eckert Seamans Cherin & Mellott, LLC |  |
| One International Place, 18th Floor | **SO ORDERED:** |
| Boston, MA 02110 |  |
| (617) 342-6800 |  |
|  | _____ |
| Dated: March _____, 2006 | Tauro, J. |
|  | March ___, 2006 |

Respectfully submitted,

| ATLAS GARDEN SUPPLY, LLC | INTRUDER, INC., |
|---|---|
| By its attorneys, | By its attorneys, |

_____  _____
David A. Brown (BBO# 556161)   David G. Anderson
Katy E. Koski (BBO # 650613)   Ruder Ware
Sherin and Lodgen LLP          402 Graham Avenue
101 Federal Street             P.O. Box 187
Boston, Massachusetts 02110    Eau Claire, WI 54702
(617) 646-2000                 (715) 834-3425

AMES TRUE TEMPER, INC.         HARRY S. BILLADO

By its attorneys,              By his attorneys,

*[signature] 3/13/06*

_____   _____
Mark A. Willard                Danielle L. Pacik
Eckert Seamans Cherin & Mellott,   Steve E. Grill
  LLC                          Devine, Millimet & Branch
600 Grant Street               111 Amherst Street
44th Floor                     P.O. Box 109
Pittsburgh, PA 15219           Manchester, NH 03105
(412) 566-6171                 (603) 669-1000

Anthony M. Moccia
Eckert Seamans Cherin & Mellott,
  LLC
One International Place, 18th Floor
Boston, MA 02110
(617) 342-6800


Dated: March _____, 2006


SO ORDERED:


_____
Tauro, J.
March __, 2006

- 5 -

| ATLAS GARDEN SUPPLY, LLC | INTRUDER, INC. |
|---|---|
| By its attorneys, | By its attorneys, |

| | |
|---|---|
| David A. Brown (BBO# 556161)<br>Katy E. Koski (BBO# 650613)<br>Sherin and Lodgen LLP<br>101 Federal Street<br>Boston, Massachusetts 02110<br>Tel. 617.646.2000<br>Fax 617.646.2222 | Daniel J. Kelly, BBO # 553926<br>Edward W. Little Jr., BBO # 628985<br>Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA 02110<br>(617) 345-7000<br><br>David G. Anderson<br>Ruder Ware<br>402 Graham Avenue<br>PO Box 187<br>Eau Clair, WI 54702<br>715.834.3425 |

| AMES TRUE TEMPER, INC. | HARRY S. BILLADO |
|---|---|
| By its attorneys, | By his attorneys, |

*[signature]* 3/10/06

| | |
|---|---|
| Mark A. Willard<br>Eckert Seamans Cherin & Mellott, LLC<br>600 Grant Street, 44th Floor<br>Pittsburgh, PA 15219<br>412.566.6171<br><br>Anthony M. Moccia<br>Eckert Seamans Cherin & Mellott, LLC<br>One International Place, 18th Floor<br>Boston, MA 02110<br>(617) 342-6800<br><br>Dated: March _____, 2006 | Danielle L. Pacik<br>Steven E. Grill<br>Devine, Millimet & Branch<br>111 Amherst Street<br>PO Box 109<br>Manchester, NH 03105<br>603.669.1000<br><br>**SO ORDERED:**<br><br>*[signature]*<br>Tauro, J.<br>March ___, 2006  3/23/06 |