UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATLAS GARDEN SUPPLY LLC,<br><br>      Plaintiff,<br><br>v.<br><br>INTRUDER, INC., AMES TRUE TEMPER COMPANY, AND HARRY S. BILLADO,<br><br>      Defendants. | NO. 05-11122 JLT |

OPPOSITION TO MOTION FOR LEAVE TO AMEND WITH SUPPORTING AUTHORITIES

The Defendant, Harry S. Billado, by his attorneys Devine, Millimet & Branch, P.A., submits the following opposition to the Motion by Defendant, Intruder, Inc. ("Intruder") for seeking leave to amend its Answer, to the extent such amendment seeks to add any cross claims against co-defendant Harry S. Billado. In support of his opposition, Mr. Billado states as follows:

    1.    Mr. Billado is the inventor and patent holder for a unique clog-resistant rake which has been very successful in the marketplace. Plaintiff Atlas Garden Supply, Inc. ("Atlas"), is the former exclusive licensee of the patent owned by Mr. Billado. That license was terminated, however, as a result of an arbitrator's finding that Atlas had breached the license agreement. *See* Atlas' Complaint herein at ¶¶ 30-33 and Exhibit F. Despite the finding that Atlas breached its contract with Mr. Billado, and despite the fact that Atlas knows the only thing Mr. Billado has done thereafter was the perfectly legitimate act of entering into a new license agreement with another party, Atlas brought this lawsuit attempting to obtain a monetary recovery based on the

subsequent marketing of Mr. Billado's patented technology, in which Atlas no longer has any interest. To the extent Atlas seeks to characterize those of its claims which are based on improvements to Mr. Billado's rake as something other than patent infringement claims, they are completely preempted. *See, e.g.,* Ultra-Precision Manufacturing, Ltd v. Ford Motor Company, 411 F.3d 1369, 1377-82 (Fed. Cir. 2005). Mr. Billado intends to move, in the near future, for judgment on the pleadings or for summary judgment with respect to all of Atlas' claims against him.

2. Co-defendant Intruder, Inc. ("Intruder") was a sublicensee under the now-terminated Atlas license. *See* Intruder's Proposed Amended Answer (annexed to Intruder's Motion for Leave to Amend as Exhibit A) at p. 12, ¶ 1. Following Atlas' lead, it now asks for permission to bring its own claims against Mr. Billado. According to Intruder, it wants to sue Mr. Billado "for [his] breach of his [license] agreement with Atlas" under a third-party beneficiary theory, and for his "improper motive in seeking to terminate" that license agreement. *Id.* at 13, ¶3. Among the fatal flaws from which both of these proposed claims suffer is that they are barred by the finding of the arbitrator on August 21, 2003, that Atlas breached a material term of the agreement, that it failed to cure the breach after notice thereof, and that the license agreement was therefore terminated. *See* Atlas' Complaint herein at Exhibit F.

3. What is more, the arbitrator also found Atlas had no valid claims against Mr. Billado. As Intruder itself acknowledges, "Atlas brought counterclaims against Billado [in the arbitration] alleging that his termination of the [license] for the purpose of dealing directly with Ames and earning more profits, constituted an unfair and deceptive practice in violation of M.G.L. c. 93A and [otherwise] breached the [license] agreement." *See* Proposed Amended Answer at ¶ 37. As Intruder also acknowledges, the arbitrator found that Atlas, and not Mr.

Billado, had breached the contract. *Id.* at ¶ 38. Thus, any claim against Mr. Billado for breach of contract was extinguished in 2003.

4. The arbitrator's findings also extinguished any claim that Mr. Billado acted improperly in "seeking to terminate" the license agreement (even if applicable law recognizes a claim for "seeking to terminate" a contract, which seems highly unlikely.) Whatever Mr. Billado's "motive" might have been in seeking to terminate the license, the arbitrator has already found that he had valid grounds to do so. Where, as in this case, termination of a contract has conclusively been found to be proper, any claim based on a theory that the "motive" behind the termination was improper cannot possibly be sustained.

5. As explained more fully below, because the claims asserted by Intruder against Mr. Billado all rest on its allegation that it was a third party beneficiary of Mr. Billado's license agreement with Atlas, Intruder is completely bound by the results in the arbitration proceeding.

6. It is fundamental that, while leave to amend is freely granted, a motion to amend will not be granted when it seeks to assert claims which cannot possibly succeed. *See, e.g.,* Finnern v. Sunday River Skiway, Inc., 984 F.2d 530, 536 (1st Cir. 1993) ("[w]here an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters") (brackets omitted). *See, also,* Hatch v. Department for Children, 274 F.3d 12, 19 (1st Cir. 2001)(when leave to amend is sought before discovery has closed and before any party has moved for summary judgment, "futility" is gauged by the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Therefore, an amendment will be deemed futile if the proposed amended pleading fails to present a general scenario which, if proven, would entitle the party to relief. *Id. See also* Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) Since the claims which Intruder seeks to assert against Mr. Billado

in its Amended Answer are barred by the result of the arbitration which took place in 2003, no purpose would be served by allowing them. The Motion for Leave to Amend must, therefore, be denied to the extent it seeks to add cross claims against Mr. Billado.

<u>Background</u>

7. As Intruder notes in its Motion, although this case has been pending since May 2005, the Defendants had agreed among themselves not to assert cross claims under a standstill agreement which expired on March 13, 2006. *See* Motion at p.1. A little over three weeks thereafter, Intruder filed the instant Motion by which it seeks to assert cross claims against Mr. Billado. In its Motion, Intruder describes its cross claims against Billado as claims sounding:

> in contract (as Intruder was a third party beneficiary under Billado's Agreement with Atlas) for his wrongful termination of the Agreement, as well as in tort for intentional interference with Intruder's contract and business relations with Ames when Billado sought, more than once to terminate his obligations to Atlas and Intruder in an effort to deal directly with Ames

As already noted, however, it is undisputed that an arbitrator has already found that Billado had a right to terminate the Agreement. Intruder nevertheless comes before the Court and argues that the termination was "wrongful" and, solely on that basis, seeks to hold Mr. Billado accountable in damages and, under M.G.L. c. 93A, for "multiple damages and attorneys' fees." *See* Motion, ¶3.

8. Most of the allegations supporting the cross claims and counterclaims in the Proposed Amended Answer seem designed to articulate a claim against Atlas, to the effect that Intruder performed various obligations under its sublicense with Atlas without being informed by Atlas that Mr. Billado had complained that the license had been breached by Atlas, and that Intruder only found out about Mr. Billado's allegations in March 2003. *See* Proposed Amended

- 4 -

Answer, pp. 15-20, ¶¶ 14-35. That may well be the case, but such allegations provide no basis for any cause of action whatsoever against Mr. Billado.

**The Proposed Cross Claims Do Not State Any Viable Cause of Action Against Mr. Billado**

9. The only allegations that Intruder does make directly against Mr. Billado in the eighty-six paragraphs of the Proposed Amended Answer which could even remotely support a cross claims against Mr. Billado are found in paragraphs 3, 71, 76, 79, 81 and 85. (*See* Proposed Amended Answer at pp. 12 through 27). None of these allegations, however, amounts to anything more than a completely conclusory assertion that Mr. Billado is liable to Intruder based on his efforts to terminate the license which he had granted to Atlas. Such allegations are directly contrary to the undisputed fact -- which is also pleaded by Intruder -- that, after a full-blown arbitration, Mr. Billado was found not to have breached any term of his agreement and that Atlas was found to have been in material breach thereof. Mr. Billado was therefore awarded the remedy of license termination and all of the counterclaims brought by Atlas against him were denied.

10. Intruder does not discuss anywhere in its Motion or in its Proposed Amended Answer the preclusive effect of these determinations. Intruder appears to assume that it is entitled to relitigate the claims against Mr. Billado which Atlas unsuccessfully litigated in the arbitration. If indeed this is what Intruder believes, then Intruder is sadly mistaken. It hardly should need to be said that awards resulting from an arbitration proceeding are entitled to preclusive effect under the doctrines of res judicata and collateral estoppel; this principle is well established. *See, e.g.*, TLT Const. Corp. v. A. Anthony Tappe, 48 Mass.App.Ct.1

(1999)(developer who lost arbitration claim against municipality could not bring lawsuit against municipality's architect asserting essentially the same claim); Bryson v. Gere, 268 F.Supp.2d 46, 60 (D.D.C. 2003)(plaintiffs who lost at arbitration were precluded from asserting substantially similar claims against nonparties to the arbitration). In both *TLT Construction* and *Bryson*, the preclusion was applied against parties who indisputably were parties to the previous arbitration, but Intruder fares no better merely because its sublicensor, Atlas, and not Intruder itself, was the named party. *See, e.g.,* Nauru Phosphate Royalties v. Drago Daic Interests, 138 F.3d 160, 165-67 (5th Cir. 1998) ("third party beneficiaries may be precluded from litigating [issues] of breach of [contract] and may be bound by the [arbitration] panel's finding of non-liability" on the part of the promisor"). And, as the First Circuit noted in Guscott et al v. City of Boston, No. 91-1887, 1992 WL 55886, at *3 (1st Cir. 1992) (unpublished), a third party beneficiary has no right to enforce a contract if the contracting party through which it claims has itself breached the contract. *See, generally*, Cardiac Pacemakers, Inc. v. St. Jude Medical, 149 F.Supp.2d 610 (S.D.Ind. 2001) (discussing res judicata effect of arbitration award in case involving patent assignment). These doctrines are particularly applicable here, given that Intruder indisputably had notice of the arbitration, *see* Proposed Amended Complaint, p. 20, ¶35, and actively participated by assisting Atlas during the proceeding; among other things, Intruder submitted its own affidavits in an unsuccessful effort to convince the arbitrator that Atlas should prevail. *See* Proposed Amended Answer at ¶35 (admitting that Atlas "sought Intruder's help" but failing to mention Intruder's agreement to provide that help and also omitting any description of the extensive involvement Intruder had in the arbitration).

  11. In short, even assuming that every allegation in Intruder's Proposed Amended Complaint were true; that Intruder has thereby sufficiently alleged that contractual (or non-

contractual) duties were owed to Intruder by Mr. Billado; and, that Mr. Billado breached some or all of such duties, Intruder *still* could not prevail herein for the simple reason that every fact necessary to establish such allegations has already been determined in Mr. Billado's favor in the arbitration proceeding. As already noted, those determinations are binding on Intruder.

WHEREFORE, Mr. Billado respectfully submits that the Court should enter an order:

A. Denying the Motion to Amend to the extent it seeks to assert Cross Claims against Mr. Billado;

B. Granting Mr. Billado the reasonable attorneys' fees and costs incurred by him in connection with preparing this Opposition; and,

C. Granting Mr. Billado such other and further relief as the Court deems proper.

Dated: April 21, 2006                                    HARRY S. BILLADO

                                                         By his attorneys,


                                                         __/s/ Steven E. Grill,  Esquire_____
                                                         Steven E. Grill
                                                         Danielle L. Pacik
                                                         Devine, Millimet & Branch
                                                         111 Amherst Street
                                                         PO Box 109
                                                         Manchester, NH 03105
                                                         603.669.1000


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served via the Court's Electronic Case Filing management system upon David A. Brown, Esquire, Katy Ellen Koski, Esquire, Daniel J. Kelly, Esquire, Edward William Little, Jr., Esquire and Anthony M. Moccia, Esquire.

- 8 -

Date:  April 21, 2006            __/s/ Steven E. Grill, Esquire_____
                                                  Steven E. Grill, Esquire